UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, in capacity as Trustee, et al.,<br>    Plaintiff(s),<br>    v.<br>MARK PARR, individually and DBA Tri Valley Sweeping,<br>    Defendant(s). | No. C05-0591 SBA (BZ)<br>**ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** as follows:

1. <u>DATES</u>

Trial Date: **Monday, 5/29/2007**, **3 days**

Pretrial Conference: **Tuesday, 5/8/2007**, **4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 4/18/2007**

Last Day for Expert Discovery: **Friday, 3/9/2007**

Last Day for Expert Disclosure: **Friday, 3/2/2007**

Close of Non-expert Discovery: **Friday, 2/23/2007**

2. <u>DISCLOSURE AND DISCOVERY</u>

1

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute. Exchanging letters or telephone messages about the dispute is insufficient. The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute. Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference. The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice. Motions for **summary judgment** shall be accompanied by a statement of the material

1 facts not in dispute supported by citations to admissible
2 evidence.  The parties shall file a joint statement of
3 undisputed facts where possible.  If the parties are unable to
4 reach complete agreement after meeting and conferring, they
5 shall file a joint statement of the undisputed facts about which
6 they do agree.  Any party may then file a separate statement of
7 the additional facts that the party contends are undisputed.  A
8 party who without substantial justification contends that a fact
9 is in dispute is subject to sanctions.  A Chambers copy of all
10 briefs shall be submitted on a diskette formatted in WordPerfect
11 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1 (DOS).
12 4.    PRETRIAL CONFERENCE
13     Not less than thirty days prior to the date of the pretrial
14 conference, the parties shall meet and take all steps necessary
15 to fulfill the requirements of this Order.
16     Not less than twenty days prior to the pretrial conference,
17 the parties shall: (1) serve and file a joint pretrial
18 statement, containing the information listed in **Attachment 1**,
19 and a proposed pretrial order; (2) serve and file trial briefs,
20 Daubert motions, proposed findings of fact and conclusions of
21 law, and statements designating excerpts from discovery that
22 will be offered at trial (specifying the witness and page and
23 line references); (3) exchange exhibits, agree on and number a
24 joint set of exhibits and number separately those exhibits to
25 which the parties cannot agree; (4) deliver all marked trial
26 exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver
27 one extra set of all marked exhibits directly to Chambers; and
28 (6) submit all exhibits in three-ring binders.  Each exhibit

3

shall  be marked with an exhibit label as contained in **Attachment 2**.  The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits.  All <u>Daubert</u> motions and objections will be heard at the pretrial conference.  Not less than ten days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness.  <u>Daubert</u> motions shall be filed and served not less than twenty days prior to the conference.  Oppositions to <u>Daubert</u> motions shall be filed and served not less than ten days prior to the conference.  There shall be no replies.

All motions and proposed findings of fact and conclusions of law, and trial briefs shall be accompanied by a floppy diskette containing a copy of the document formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1 (DOS).

At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) shall be delivered directly to Chambers (Room 15-6688). Chambers' copies of all pretrial documents shall be three-hole punched at the side, suitable for insertion into standard,

4

1  three-ring binders.

2  Dated: December 5, 2006

3  _____

4  Bernard Zimmerman
United States Magistrate Judge

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A) Witnesses to be Called. In lieu

```
                     of FRCP 26(a)(3)(A), a list of
                     all witnesses likely to be
                     called at trial, other than
                     solely for impeachment or
                     rebuttal, together with a brief
                     statement following each name
                     describing the substance of the
                     testimony to be given.

           (B)   Estimate of Trial Time. An
                 estimate of the number of court
                 days needed for the presentation
                 of each party's case, indicating
                 possible reductions in time
                 through proposed stipulations,
                 agreed statements of facts, or
                 expedited means of presenting
                 testimony and exhibits.

           (C)   Use of Discovery Responses. In
                 lieu of FRCP 26(a)(3)(B), cite
                 possible presentation at trial
                 of evidence, other than solely
                 for impeachment or rebuttal,
                 through use of excerpts from
                 depositions, from interrogatory
                 answers, or from responses to
                 requests for admission.  Counsel
                 shall state any objections to
                 use of these materials and that
                 counsel has conferred respecting
                 such objections.

           (D)   Further Discovery or Motions. A
                 statement of all remaining
                 motions, including Daubert
                 motions.

     (4) Trial Alternatives and Options.

           (A)   Settlement Discussion. A
                 statement summarizing the status
                 of settlement negotiations and
                 indicating whether further
                 negotiations are likely to be
                 productive.

           (B)   Amendments, Dismissals. A
                 statement of requested or
                 proposed amendments to pleadings
                 or dismissals of parties, claims
                 or defenses.

           (C)   Bifurcation, Separate Trial of
                 Issues. A statement of whether
                 bifurcation or a separate trial
```

```
             of specific issues is feasible
             and desired.

     (5) **Miscellaneous.**

     Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive determination.
```

# ATTACHMENT 2

**USDC**
Case No. CV05-00591 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-00591 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____